UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER K. ZIEGLER,

    Plaintiff,

v.                                  Case No: 2:15-cv-538-FtM-99CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

    This matter comes before the Court on United States Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 26) filed on January 31, 2017.  Judge Mirando recommends reversing and remanding the Commissioner of Social Security's decision denying Plaintiff Jennifer Ziegler social security benefits.  The Commissioner has filed objections to the Report and Recommendation (Doc. 27), to which Plaintiff has responded (Doc. 28).  For the following reasons, and after a *de novo* review of the objected to materials, the Court accepts in part and rejects in part the Report and Recommendation (Doc. 26).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

On July 7, 2012, Ziegler applied for disability benefits due to epilepsy and migraines that started around June 2011.  (Doc. 18-3 at 2, 39).  Her application was denied, but she received a hearing before Administrative Law Judge J. Dennis Reap ("ALJ") on December 13, 2013.  (Id. at 51; Doc. 18-3 at 18).  The ALJ issued a decision finding Ziegler not disabled.  (Doc. 18-2 at 36).

Ziegler appealed, presenting new evidence to the Appeals Counsel.  That evidence included (1) a psychological evaluation by Christine Needham, EdD, a licensed school psychologist, dated April 24, 2014, and a psychiatric medical source statement dated May 20, 2014 (collectively "Dr. Needham's Evaluation") (Id. at 26-32); and (2) records of electroencephalograms ("EEG") dated February 24, 2015 to March 23, 2015 (Doc. 21-1).  Dr. Needham's Evaluation indicated that since the age of thirteen, Ziegler has had some extreme functional limitations.  (Doc. 18-2 at 32).  The EEG report showed that she had a documented seizure on February 24, 2015.  (Doc. 21-2 at 1-3).  Although the Appeals Council looked at this evidence, it denied her request.  (Id. at 2).  As to this evidence, the Appeals Council explained to Ziegler "[t]his new information is about a later time.  Therefore, it does not affect the decision about whether you are disabled beginning on or before February 20, 2014.  If you want us to consider whether you were disabled after February 20, 2014, you need to apply again."  (Id. at 3).

Consequently, Ziegler timely filed this appeal.  (Doc. 1).  After the parties' briefing, Judge Mirando issued a Report and Recommendation suggesting that Dr. Needham's evaluation and the EEG was new, material, and chronologically relevant and that the

Appeals Council should have considered it. Thus, Judge Mirando recommends remanding this case for consideration of that new evidence. (Doc. 26 at 1-2).

## LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*. See *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Commissioner objects to remand because Dr. Needham's evaluation and the EEG report are neither material nor chronologically relevant. (Doc. 27 at 4-6). Ziegler responds that this evidence could reasonably change the ALJ's decision and relates back to a period prior to the denial. (Doc. 28 at 2).

Generally, a social security disability "claimant is allowed to present new evidence at each stage of the administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Although the Appeals Council may decline to review the ALJ's denial of benefits, it "must consider new, material, and chronologically relevant evidence that the claimant submits." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (citations omitted). Whether evidence is "new, material, and chronologically relevant" is a question of law

3

subject to *de novo* review. *Id.* at 130-21. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.* (citations and footnote omitted).

Here, the parties agree that Dr. Needham's evaluation and the EEG report are new, noncumulative evidence. (Doc. 27 at 1). The decisive issue then is whether the evidence is material and chronologically relevant. Evidence is material if "there is a reasonable possibility that [the new evidence] would change the administrative result." *Washington*, 806 F.3d at 1321 (citation omitted). Moreover, "[n]ew evidence is chronologically relevant if it relates to the period on or before the date of the administrative law judge hearing decision." *Stone v. Soc. Sec. Admin., Comm'r*, 658 F. App'x 551, 553 (11th Cir. 2016) (internal quotes omitted); *Washington*, 806 F.3d at 1322.

Against this backdrop, the Court will address Dr. Needham's Evaluation and the EEG records separately in turn.

**A. Dr. Needham's Evaluation**

The Commissioner maintains that Dr. Needham's report is immaterial because it conflicts with Ziegler's normal mental examinations. (Doc. 27 at 5). Ziegler contends that Dr. Needham's evaluation shows that she suffers from extreme functional limitations since adolescence, which is reasonably possible to change the outcome of her case at the administrative level. (Doc. 18-2 at 32; Doc. 21 at 13). The Court agrees with Ziegler.

Two months after the ALJ's decision, Dr. Needham evaluated Ziegler and found that she had extreme and marked limitations on her ability to perform work. (Doc. 18-2 at 32). These extreme limitations included the ability to

- remember locations and/or work like procedures;

- perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances;

- complete a normal workday/workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and

- get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes.

(*Id.*).  Prior to the ALJ's decision, the record was devoid of Ziegler's cognitive or mental functional limitations since adolescence.  Therefore, it is reasonably possible that this new evidence could change the administrative outcome.  Accordingly, Dr. Needham's evaluation is material.

Next, the Commissioner asserts that Dr. Needham's Evaluation is not chronologically relevant.  The Court disagrees.  Contrary to the Commissioner's argument, this case is analogous to *Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317 (11th Cir. 2015).  In *Washington*, the plaintiff requested the Appeals Council to review the ALJ's denial of his claim and attached new treatment records from a licensed psychologist.  *Id.* at 1319-20.  The Eleventh Circuit found the records to be chronologically relevant because the psychologist (1) reviewed medical history that pre-dated the ALJ's decision, and (2) determined that the plaintiff suffered from hallucinations throughout his life.

Here, Dr. Needham considered Ziegler's "condition, medication, age, and medical history," as well as reviewed her medical history in completing the Psychiatric Medical Source Statement.  (Doc. 18-2 at 32).  Dr. Needham also determined that Ziegler has suffered from extreme functional limitations since age thirteen – an age long before the

ALJ's decision. (*Id.* at 26, 32). Thus, the content of the report relates back to a date before the ALJ's decision.

The Commissioner's argument that *Stone v. Soc. Sec. Admin*, 658 F. App'x 551 (11th Cir. 2016) is applicable fares no better. (Doc. 27 at 2-3, 6). In *Stone*, the court held that the Appeals Council, in declining to consider new evidence, did not commit legal error because the new evidence "included only complaints and diagnoses that were made after the ALJ's decision." *Id.* at 553. The "records include[d] no express reference to Stone's condition or symptoms before the ALJ's decision." *Id.* In addition, "nothing evidence[d] that the . . . provider . . . reviewed or relied upon Stone's past medical records in making that diagnosis." *Id.* Here, Dr. Needham's evaluation included a diagnosis of Ziegler's functional limitations since adolescence. (Doc. 18-2 at 32). Dr. Needham expressly indicated that she reviewed Ziegler's medical history in making such a determination. (*Id.*). Therefore, *Stone* is factually dissimilar.

In sum, because Dr. Needham's Evaluation is new, material, and chronologically relevant evidence, the Appeals Council was required to consider it.[2] The Appeals Council, therefore, erred in not considering this evidence.

**B. EEG Report**

Turning to the EEG Report, the Commissioner avers that it is immaterial because the ALJ had previously conceded that Ziegler suffered from a seizure disorder. (Doc. 27 at 5). The Commissioner also argues that the EEG is not chronologically relevant because it does not relate to the severity of Ziegler's seizure disorder at a time on or

---

[2] At this stage, the Court need not review whether a school psychologist can opine persuasively on the functional limitations of Plaintiff.

before the ALJ's decision. (*Id.* at 4). For her part, Ziegler maintains that because the ALJ questioned Ziegler's seizure disorder, this evidence could reasonably change the administrative outcome. (Doc. 28 at 2). She also asserts that the EEG is chronologically relevant because such a diagnosis is sometimes difficult to obtain. (*Id.* at 3).

Here, the EEG was performed a year after the ALJ's denial and does not indicate the level of Ziegler's seizure disorder on or before the time of the ALJ's decision. Thus, the EEG is too remote to be chronologically relevant. Consequently, the Appeals Council did not err in its refusal to review the EEG report.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 26) is **ADOPTED and ACCEPTED in part** and **REJECTED in part**. The undersigned rejects the Report and Recommendation's finding as to the EEG records being new, material, and chronologically relevant. But, the undersigned adopts and accepts the Report and Recommendation in all other respects.

2. The Commissioner of Social Security's decision is **REVERSED** and this case is **REMANDED** for rehearing, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to, among other things,

    a. consider Dr. Needham's evaluation only (Doc. 18-2 at 26-32);

    b. re-evaluate Ziegler's credibility in light of the new evidence; and

    c. make any other determinations consistent with this Opinion and Order, or in the interests of justice.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of March 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record